Renee Olachea v. Stearns Lending, LLC
SACV 17-1741 JVS(KESx)

## Order Regarding Motion to Dismiss and Motion to Strike

Defendant Stearns Lending, LLC ("Stearns") filed a motion to dismiss Plaintiff Renee Olachea's ("Olachea") class action complaint. (Mot., Docket No. 17). Olachea filed an opposition. (Opp'n, Docket No. 27.) Stearns replied. (Reply, Docket No. 30).

Stearns also filed a motion to strike certain class allegations. (Mot., Docket No. 16.) Olachea filed an opposition. (Opp'n, Docket No. 28.) Stearns replied. (Reply, Docket No. 29).

For the following reasons, the Court **denies** the motion to dismiss and **denies** the motion to strike.

## I. BACKGROUND

Olachea brings this putative class action alleging breach of contract and violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. (Compl., Docket No. 1.) Olachea alleges that Stearns unlawfully and unfairly collected post-payment interest on mortgages insured by the Federal Housing Administration ("FHA"), part of the Department of Housing and Urban Development ("HUD"), by failing to provide proper notice to borrowers. (Id. ¶¶ 1-7.) Olachea defines post-payment interests as "interest that a lender collects after the borrower has paid the full unpaid principal of the loan." (Id. ¶ 2 (emphasis omitted).)

Under HUD regulation 24 C.F.R. § 203.558(c), lenders may collect interest after a borrow repays the full principal on his or her FHA-insured loan if the borrower's repayment is made after the first of the month. See 24 C.F.R. § 203.558(c) (2014).[1]  Therefore, lenders may collect interest from the date the loan is paid off through the end of the month. Id. However, the regulation specifies

---

[1] Olachea's proposed class periods run from June 1, 1996, through January 20, 2015. (Compl., Docket No. 1 ¶ 71.) Thus, the earlier 2014 version of the regulation, current through January 20, 2015, applies.

1

that lenders may collect this post-payment interest, only if they first provide notice to borrowers "in a form approved by the [FHA] Commissioner." Id. Olachea asserts that this HUD regulation is incorporated into all of Stearns' promissory notes with borrowers, including his own note. (Id. ¶¶ 5, 25, 55.)

Additionally, Olachea asserts that Stearns was the holder of his FHA-insured loan, he repaid the loan in full on May 21, 2015, and Stearns collected post-payment interest through the entire month of May. (Id. ¶¶ 54-60.) He asserts that Stearns did not provide him proper notice with a HUD-approved form, and instead used its own unauthorized form that "does not contain any of the post-payment disclosure language requested by FHA and HUD, or indeed, any language at all notifying borrowers that Stearns intended to collect interest through the end of the month after the loan was paid off and how to avoid the accrual of the interest." (Id. ¶ 68.) Further, he asserts that the form says "nothing about how borrowers can avoid post-payment interest entirely." (Id.) Moreover, Olachea alleges that Stearns' form "falsely represented to [him] that he would be required to pay an extra month of interest if his payment was processed on the first of the month," and "incorrectly led borrowers to believe that the first day of the month was the worst day of the month to prepay their loans." (Id. ¶ 64.) Olachea states that as a result, he was charged interest twice—both by Stearns and his new lender after refinancing. (Id. ¶ 69.)

On October 5, 2017, Olachea filed the present action on behalf of himself and all others similarly situated. (See generally id.) Olachea alleges that Stearns' practice of collecting post-payment interest without providing borrowers with proper notice amounts to an unlawful and unfair business practice in violation of the UCL, as well as a breach of contract. (Id. ¶¶ 75-94.) Olachea seeks restitution and damages for class members already injured by Stearns and injunctive relief barring such conduct in the future.

## II.  MOTION TO DISMISS

The Court first addresses Stearns' motion to dismiss.

### A.  Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff

must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, a court must follow a two-step approach. Id. at 679. First, a court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Furthermore, a court must not "accept as true a legal conclusion couched as a factual allegation." Id. at 678 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, a court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring a court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

**B.     Discussion**

**1.     Breach of Contract**

Stearns argues that Olachea may not assert an affirmative breach of contract claim on the basis of a § 203.558 violation because, even if this HUD regulation is referenced in his promissory note, California does not recognize a breach of contract claim based on the violation of HUD regulations. (Mot., Docket No. 17 at 7-11.)

"A cause of action for breach of contract requires pleading of a contract, plaintiff's performance or excuse for failure to perform, defendant's breach and damage to plaintiff resulting therefrom." McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457, 1489 (2006) (citing 4 Witkin, Cal. Proc. 4th Pleading, § 476 (1997)). There is a split in authority regarding whether a plaintiff can assert a breach of contract claim for violations of HUD regulations even when those regulations are incorporated into a borrower's loan documents. See Aazami v. Wells Fargo Bank, N.A., et al., No. 17-cv-01564-BR, 2018 WL 738930, at *5 (D. Or. Feb. 6, 2018) (collecting cases); Ulrich-Kurtzer v. Wells Fargo Bank, N.A., No. C15-283RAJ, 2016 WL 4275451, at *4 (W.D. Wash. Jan. 28, 2016)

(collecting cases); Christenson v. Citimortgage, Inc., No. 12-cv-02600-CMA-KLM, 2013 WL 5291947, at *7 (D. Colo. Sept. 18, 2013) (collecting cases).

Stearns argues that the Court should follow the reasoning in Pfeifer v. Countrywide Home Loans, Inc., 211 Cal. App. 4th 1250 (2012). In Pfeifer, borrowers sought declaratory relief for wrongful foreclosure based on the lender's failure to conduct a face-to-face interview prior to conducting a nonjudicial foreclosure, as required by HUD regulations. Id. at 1255-56; see also 24 C.F.R. § 203.604(b). The court held that, based on the lender's failure to comply with the HUD regulations, the borrowers could request to enjoin the foreclosure proceedings. Pfeifer, 211 Cal. App. 4th at 1268-70. However, in doing so, the court sustained the trial court's rejection of the plaintiffs' breach of contract claim. Id. at 1282. The court stated, "we agree with the majority of courts that have concluded that the breach of these regulations do not ordinarily provide a private right of action." Id. (citing Roberts v. Cameron-Brown Co., 556 F.2d 356, 360 (5th Cir. 1977)).

However, in a recent decision in the Northern District of California, the court concluded that HUD regulations that are properly incorporated into a contract may form the basis of a breach of contract claim. Fowler v. Wells Fargo Bank, N.A., No. 3:2017cv02092, 2017 WL 3977385, at *4 (N.D. Cal. Sept. 11, 2017). Unlike in Pfeifer, the court in Fowler considered a nearly identical issue regarding whether a plaintiff could state a breach of contract claim based on a lender charging post-payment interest in violation of § 203.558. Id. at *1. In reaching its conclusion, the court stated: "[p]laintiff has identified the provision of the promissory note—allegedly incorporating § 203.558—that [d]efendant allegedly breached and her resulting damages. The Court finds that this is enough under California law to survive at the motion to dismiss stage." Id. at *4; see also Dorado v. Bank of Am., N.A., No. 1:16-cv-21147-UU, 2016 WL 3924115, at *5 (S.D. Florida July 21, 2016) (finding that, under California law, a plaintiff could "state a claim for breach of contract based on incorporation of FHA or HUD regulations"). The court also distinguished Pfeifer, stating that "[t]he case says nothing about whether parties may create contractual obligations based on HUD regulations under California law, nor does it categorically bar parties from doing so, saying only that 'ordinarily' the HUD servicing regulations do not provide private rights of action." Fowler, 2017 WL 3977385, at *4. The Court agrees with the reasoning set forth in Fowler. The Court also finds it persuasive that every court to consider a claim that a lender collected post-payment interest in breach of

HUD regulations incorporated into a note has found that the borrower stated a viable claim.  See id.; Dorado, 2016 WL 3924115; see also Audino v. JPMorgan Chase Bank, N.A., No. 4:16-CV-00631-SMR-HCA, 2017 WL 7693387 (S.D. Iowa June 27, 2017) (applying Iowa law).  Therefore, the Court finds that Olachea may assert an affirmative breach of contract claim under California law on the basis of violations of a HUD regulation incorporated by reference in his promissory note.

Here, Olachea has identified the provisions in the promissory note referencing "regulations of the Secretary" and allegedly incorporating § 203.558.  (Compl., Docket No. 1 ¶¶ 25, 90.)  Olachea alleges that Stearns breached the terms of the contract set forth in the promissory note by collecting post-payment interest without first providing him with FHA-approved notice in response to his inquiry, request for payoff figures, or tender of prepayment.  (Id. ¶¶ 88-93.)  Further, Olachea alleges that he suffered damages as a result of Stearns' breach.  (Id. ¶ 94.)  The Court finds that this is sufficient to state a claim for breach of contract.

Accordingly, the Court **denies** Stearns' motion to dismiss the breach of contract claim.

### 2.     The UCL

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  Here, Olachea alleges that Stearns' practice of collecting post-payment interest without first disclosing the charges and how to avoid them in an approved form constitutes an unlawful and unfair business practice under the UCL.  (Compl., Docket No. 1 ¶ 77.)  Olachea does not allege that Stearns' conduct constitutes a fraudulent act..

#### i.     Unlawful Prong

Under the unlawful prong, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."  Aryeh v. Canon Bus. Sols., Inc., 55 Cal. 4th 1185, 1196 (2013) (quoting Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999)) (internal quotation marks omitted).  The UCL "provides a vehicle to challenge any unlawful business practice, including violations of laws for which there is no direct private right of action."  Fowler, 2017 WL 3977385, at *2 (citing Yanting Zhang v. Superior Court, 57 Cal. 4th 364, 376-77 (2013)).

"[T]he UCL cannot be used to state a cause of action the gist of which is absolutely barred under some other principle of law." Yanting, 57 Cal. 4th at 377 (quoting Stop Youth Addiction, Inc. v. Lucky Stores, Inc., 17 Cal. 4th 553, 556 (1998)); see also Cal-Tech, 20 Cal. 4th at 182 ("A plaintiff may . . . not 'plead around' an 'absolute bar to relief' simply 'by recasting the cause of action as one for unfair competition.'"). "The rule does not, however, prohibit an action under the [UCL] merely because some other statute on the subject does not, itself, provide for the action or prohibit the challenged conduct." Yanting, 57 Cal. 4th at 377 (quoting Cal-Tech, 20 Cal. 4th at 182-83). Thus, "[t]o forestall an action under the [UCL], another provision must actually 'bar' the action or clearly permit the conduct." Id.; see also Rose v. Bank of Am., N.A., 57 Cal. 4th 390, 398 (2013) (same).

Stearns argues that 24 C.F.R. § 203.558 cannot serve as the predicate for Olachea's UCL unlawful prong claim because the regulation does not create a private right of action for borrowers. (Mot., Docket No. 17 at 15-18.) Stearns argues that "Congress provides for only administrative enforcement of the relevant HUD regulations." (Id. at 15-16.) Further, Stearns argues that "[t]o effect its intent that the . . . HUD regulations only be enforced administratively, Congress created the Mortgagee Review Board . . . as the entity responsible for taking disciplinary actions against mortgagees and lenders for violations of the regulations." (Id. at 16.) In Fowler, the court considered an identical argument in considering whether private enforcement was absolutely barred. 2017 WL 3977385, at *2. The Court finds the analysis in Fowler instructive:

> The [Mortgagee Review] Board is "empowered to initiate the issuance of a letter of reprimand, the probation, suspension, or withdrawal of any mortgagee found to be engaging in activities in violation of [FHA] requirements." 12 U.S.C. § 1708(c)(1). And § 203.558 further provides that "[i]f the mortgagee fails to meet the full disclosure requirements . . . , the mortgagee *may* be subject to forfeiture . . . and to such other actions as are provided [by the regulations]." 24 C.F.R. § 203.558(e) (2014) (emphasis added). But these provisions provide for a permissive enforcement action by the Board, not an exclusive one.

Id. at *2. The court found that "[b]ecause § 203.558 does not explicitly bar private enforcement, . . . a UCL claim premised on a violation of this regulation may

6

proceed." Id. at *3.  The Court agrees.  While Stearns identifies district courts that have dismissed claims under the UCL that were based on statues that did not contain private rights of action, (Mot., Docket No. 17 at 17 (citing Aleem v. Bank of Am., No. EDCV 09-01812-VAP (RZx), 2010 WL 532330 (C.D. Cal. Feb. 9, 2010), and Toneman v. U.S. Bank, No. CV 12-09369 MMM (MRWx), 2013 WL 12132049 (C.D. Cal. Oct. 21, 2013)), the Court declines to deviate from the California Supreme Court's position that a UCL claim may stand unless there is an absolute bar to the action.

Therefore, the Court finds that Stearns' alleged violations of § 203.558 may serve as the predicate for Olachea's UCL unlawful prong claim.  Accordingly, the Court **denies** Stearns' motion to dismiss Olachea's unlawful prong UCL claim on this ground.[2]

      ii.      Unfair Prong

The legal standard applied to "unfair" UCL claims is unsettled.  Yanting Zhang, 57 Cal. 4th at 380 n.9 (declining to resolve conflicting lower court opinions).  A number of tests have been applied by California courts.  Under the balancing test, courts weigh "the utility of the defendant's conduct against the gravity of the harm to the alleged victim."  Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1169 (9th Cir. 2012) (citation omitted).  Under the public policy test, courts focus on whether the challenged conduct violates a public policy that is tethered to specific constitutional, statutory or regulatory provisions.  See Aleksick v. 7-Eleven, Inc., 205 Cal. App. 4th 1176, 1192 (2012).

Here, Olachea has alleged that Stearns' collection of post-payment interest without proper notice was unfair.  (Compl., Docket No. 1 ¶ 77.)  Olachea alleges that "[t]he practice was unfair in that it is immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers."  (Id. ¶ 79.)  Additionally, Olachea alleges that he and the class members "would not have paid, and would not have agreed to pay, post-payment interest had Stearns properly disclosed the interest charges in response to their requests for payoff. Instead, they would have

---

[2] Because the Court finds that Olachea has sufficiently stated a claim under the unlawful prong of the UCL based on Stearns' alleged violations of § 203.558, the Court need not address Stearns' argument that Olachea also may not base his UCL claim on his common law breach of contract claim.  (Mot., Docket No. 17 at 13-14.)

scheduled the closing of their refinance for the last business day of the month or the first business day of the following month." (Id. ¶ 83.) Olachea alleges that they suffered injuries "in the form of paying interest that they were not required to pay under HUD regulations or their contracts." (Id. ¶ 81.) Moreover, Olachea alleges that "[t]he financial injury to consumers by [Stearns'] conduct greatly outweighs any alleged countervailing benefits." (Id. ¶ 79.) Further, Olachea alleges that "[a]ll of the relevant government agencies now agree that collecting post-payment interest is an unfair prepayment penalty and is against public policy." (Id. ¶ 46.) Olachea explains that HUD regulations now prohibit post-payment interest charges for FHA-insured mortgages closed on or after January 21, 2015, but that lawmakers did not make this change retroactive. (Id. ¶ 53.)

The Court finds that these allegations are sufficient to state a claim under the unfairness prong of the UCL. As stated above, Olachea has alleged sufficient facts to support his theory that Stearns' collection of post-payment interest was unlawful under §203.558 and the terms of his promissory note. Thus, Olachea has alleged a violation of public policy tethered to a specific regulatory provision. Additionally, Olachea has sufficiently alleged that the utility of Stearns' conduct is outweighed by the gravity of the harm suffered by himself and the class.

Accordingly, the Court **denies** Stearns' motion to dismiss Olachea's unfairness prong UCL claim.

### III.  MOTION TO STRIKE

The Court now turns to Stearns' motion to strike Olachea's class allegations.

### A.  Legal Standard

Under Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Immaterial matters have "no essential or important relationship to the claim for relief." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 534 (1994).

Class allegations are generally not tested at the pleadings stage and instead are usually tested after one party has filed a motion for class certification. See, e.g., Thorpe v. Abbott Labs., Inc., 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); In

re Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007). However, as the Supreme Court has explained, "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160 (1982). Thus, a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained. See, e.g., Sanders v. Apple, Inc., 672 F. Supp. 2d 978, 990-91 (N.D. Cal. 2009).

The granting of such motions is rare before class certification. See Cholakyan v. Mercedes-Benz USA, LLC, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). More often, courts conclude that preemptive motions to strike class allegations "are more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record." Id. (internal quotation marks and citation omitted).

**B.     Discussion**

In the complaint, Olachea asserts class allegations on behalf of a "California UCL Class" and a "Breach of Contract Class." (Compl., Docket No. 1 ¶ 71.)

In order to proceed with a class action, a plaintiff must demonstrate that the proposed class satisfies the requirements of Rule 23(a): (1) the members of the proposed class must be so numerous that joinder of all claims would be impracticable; (2) there must be questions of law and fact common to the class; (3) the claims or defenses of the representative parties must be typical of the claims or defenses of absent class members; and (4) the representative parties must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Stearns argues that the Breach of Contract class allegations should be stricken because they are facially implausible under the predominance requirement of Rule 23(b)(3) and that nearly identical breach of contract classes have already been found to be non-certifiable in other courts. (Mot., Docket No. 16 at 12-13 (citing Smith v. U.S. Bank, N.A., No. 1:16-cv-21146-UU, 2017 WL 698530, at *12 (S.D. Fla. Feb. 22, 2017), and Miller v. Wells Fargo Bank, N.A., No. 1:16-cv-21145-UU, 2017 WL 698520, at *11 (S.D. Fla. Feb. 22, 2017)). Stearns argues that common questions of law and fact do not predominate for the same reasons set forth by the court in Miller and Smith:

> (1) there are substantial differences between states' laws concerning breach of contract claims based on incorporated HUD regulations; (2) Plaintiff and putative class members must prove that Defendant's alleged breach caused them damages, which would require individualized proof; and (3) Defendant's implied waiver defense implicates mixed issues of law and fact, which cannot be resolved by rulings or evidence common to the putative class.

(Id. (quoting Smith, 2017 WL 698530, at *12, and Miller, 2017 WL 698520, at *11).

While Stearns has identified potential difficulties that Olachea may face in pursuing class certification, it has not demonstrated that class certification is not possible. In other words, Stearns has failed to demonstrate that this is "the rare case where the pleadings indicate that the class requirements cannot possibly be met." Kazemi v. Payless Shoesource Inc., No. C 09-5142 MHP, 2010 WL 963225, at *3 (N.D. Cal. Mar. 16, 2010). This action is still in its early stages. While similar classes have been denied certification in a district court in the Southern District of Florida, the Court finds that a similar determination would be premature in this case and more properly decided on a motion for class certification. Thus, the Court declines to strike Olachea's Breach of Contract class allegations.

Accordingly, Stearns' motion to strike is **denied**.

### IV.  CONCLUSION

For the aforementioned reasons, the Court **denies** the motion to dismiss and **denies** the motion to strike.

**IT IS SO ORDERED.**